22-1987-cv
*Despotovich v. Republic of Croatia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand twenty-three.

PRESENT:  Guido Calabresi,
           Steven J. Menashi,
           Eunice C. Lee,
                *Circuit Judges.*

———————————————————————————

MIRKO DESPOTOVICH, DBA TRADEXIM INTERNATIONAL CO. CALIFORNIA,

        *Plaintiff-Appellant,*

TRADEXIM INTERNATIONAL COMPANY, AKA TRADEXIM INTERNATIONAL CO. CALIFORNIA,

        *Plaintiff,*

        v.                                              No. 22-1987-cv

REPUBLIC OF CROATIA,

        *Defendant-Appellee.*

———————————————————————————

*For Plaintiff-Appellant:*      THOMAS BUTLER, White and Williams LLP, New York, NY.

*For Defendant-Appellee:*      ALEXANDRA CHOPIN (Mitchell R. Berger, Morgan A. Miller, and Ellen H. Phillips, *on the brief*), Squire Patton Boggs (US) LLP, Washington, DC.

Appeal from an order of the United States District Court for the Southern District of New York (Torres, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Mirko Despotovich has conducted business as Tradexim International Co. California ("Tradexim") for several decades. Despotovich brought this action against the Republic of Croatia as the alleged alter ego of Gavrilovic Holding Petrinja d.o.o. ("Gavrilovic"), a company with which Tradexim had contracted. In this action, Despotovich seeks to enforce against Croatia a 2020 New York state judgment rendered against Gavrilovic. The district court dismissed the action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA"). This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history.

**I**

In 1990, Despotovich, operating as Tradexim, entered into a contract with Gavrilovic for 635 tons of canned ham to be delivered to the United States. The first batch, arriving in May 1990, contained bacteria and was returned. The second batch yielded the same result. Despotovich could not bring a claim for damages in the Socialist Federal Republic of Yugoslavia due to an ongoing war. Rather,

Despotovich brought suit in the U.S. District Court for the District of Columbia in 1993, seeking recovery against Gavrilovic, its owners, Croatia, and others for breach of contract and fraud in relation to the spoiled ham. *See* Complaint, *Despotovich v. Mesna Industrija Gavrilovic*, No. 93-CV-978 (D.D.C. May 11, 1993), ECF No. 1. In his complaint, Despotovich alleged that, as part of the canned ham transaction, Gavrilovic had obtained a letter of guarantee from a bank, Privredna Banka Zagrab ("Privredna"), of which Croatia had subsequently assumed control. Despotovich argued that Croatia was liable for Privredna's obligations under the letter of guarantee. In 1995, the district court dismissed the claims against Croatia on the grounds of sovereign immunity and the act-of-state doctrine. Despotovich filed an appeal, which was dismissed because judgment had not been entered against all the defendants. *See Despotovich v. A. Moksel AG*, No. 96-7009, 1997 WL 195486 (D.C. Cir. Mar. 14, 1997). No further appeal was taken.

Meanwhile, in July 1996, Despotovich filed another lawsuit against Gavrilovic in the Commercial Court of Zagreb in Croatia, which issued a judgment against Gavrilovic in 2000. One year later, the Commercial Court of Croatia affirmed the judgment. Soon thereafter, however, Gavrilovic was placed in bankruptcy proceedings that remain ongoing today. Despotovich sought to domesticate the Croatian judgment in Connecticut, but the Connecticut court dismissed the case on the ground that Despotovich had "not shown that the Croatian judgment satisfies the provisions of the [Uniform Foreign Money-Judgments Recognition] Act and should be recognized and enforced in Connecticut." *Despotovic v. Gavrilovic Holding Petrinja*, No. HHD-CV18-4086996-S, 2018 WL 6016710, at *3 (Conn. Super. Ct. Oct. 29, 2018). Despotovich was more successful in New York, where a state court domesticated the judgment less than two years later. *See Tradexim Int'l Co. Cal. v. Gavrilovic Holding Petrinja*, Index No. 157495/2019 (Sup. Ct. N.Y. Cnty. Mar. 5, 2020), NYSCEF No. 17.

This action was filed on January 4, 2021, in the U.S. District Court for the Southern District of New York against Croatia, seeking to enforce the New York judgment against Croatia on the ground that at "all relevant times" Croatia had been the alter ego of Gavrilovic. J. App'x 11. The district court dismissed the action

for lack of subject matter jurisdiction because it concluded that Despotovich's lawsuit was not based on commercial activity conducted by the foreign state in the United States but instead on "the non-payment of the 2020 New York judgment, which was based on the non-payment of the 2002 Croatian judgment." *Despotovich v. Republic of Croatia*, No. 21-CV-50, 2022 WL 3447989, at *3 (S.D.N.Y. Aug. 17, 2022). Accordingly, the district court determined that "there is not 'a significant nexus between the commercial activity in this country upon which the exception is based and Plaintiff's cause of action'" and therefore "this action does not fit within the first clause of the commercial activity exception to sovereign immunity." *Id.* (alterations omitted) (quoting *Kensington Int'l, Ltd. v. Itoua*, 505 F.3d 147, 155 (2d Cir. 2007)). Despotovich appealed.

## II

"The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de novo for legal conclusions." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135, 150-51 (2d Cir. 2001).

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in" enumerated exceptions. 28 U.S.C. § 1604. Thus, "[s]overeign immunity from suit is the default rule, subject only to specific exceptions." *Barnet as Tr. of 2012 Saretta Barnet Revocable Tr. v. Ministry of Culture & Sports of the Hellenic Republic*, 961 F.3d 193, 199 (2d Cir. 2020). The plaintiff "has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted." *Kensington Int'l*, 505 F.3d at 153 (quoting *Cabiri v. Gov't of the Republic of Ghana*, 165 F.3d 193, 196 (2d Cir. 1999)).

Despotovich argues that this case falls under the FSIA's commercial activity exception, which provides jurisdiction over cases "in which the action is based upon a commercial activity carried on in the United States by the foreign state; or

upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). In other words, even if we were to assume—as the district court did not—that this action is based on the canned ham transaction with Gavrilovic in 1990, the commercial activity exception requires the 1990 transaction to have been conducted by Croatia or to have been conducted in connection with commercial activity of Croatia elsewhere.

Despotovich suggests that we can conclude that Croatia effectively signed and breached the 1990 contract because it was the alter ego of Gavrilovic at that time, given that Croatia allegedly "at all relevant times completely dominated and controlled Gavrilovic." J. App'x 11; *see Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 55 (2d Cir. 2021) (explaining that an "alter ego relationship" may be established "'where a corporate entity is so extensively controlled by its owner that a relationship of principal and agent is created' or where recognizing the instrumentality's separate juridical status 'would work fraud or injustice'") (quoting *First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba (Bancec)*, 462 U.S. 611, 628-29 (1983)).

We disagree. Croatia did not exist as an independent state until October 8, 1991, after the canned ham contract was executed and breached. Despotovich himself alleges in his First Amended Complaint that "until 1991 the state-owned (or social owned) Gavrilovic Holding was actually managed and controlled by Borislav Mikelic, a member of the Central Committee of the League of Communists of Yugoslavia." J. App'x 16. Thus, whatever Despotovich may be able to show about the relationship between Croatia and Gavrilovic at a later point, he cannot establish that Croatia was the alter ego of Gavrilovic at the time of the canned ham transaction in 1990.[1] And that transaction is the crucial commercial

---

[1] Nor can Despotovich establish that Croatia succeeded to whatever possible liabilities could be assigned to the Socialist Federal Republic of Yugoslavia.

activity on which jurisdiction is purportedly based. Because that activity cannot be attributed to Croatia, jurisdiction is lacking, and the case must be dismissed.

We are not persuaded by Despotovich's argument that jurisdictional discovery might somehow establish an alter ego relationship between Croatia and Gavrilovic even in 1990. "Because the purpose of sovereign immunity is to protect foreign nations not only from liability but also from 'the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA.'" *Beierwaltes v. L'Office Federale De la Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) (quoting *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016)). We agree with the district court that Despotovich fails to identify information that could plausibly establish jurisdiction here.

\*　　\*　　\*

We have considered Despotovich's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court